David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*CHARLES D. BAKER III*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CHARLES D. BAKER III, | Civil Action No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** |
| v. | |
| USAA FEDERAL SAVINGS BANK, | |
| Defendant. | **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and

accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers " and those who access reports called "users".

2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. CHARLES D. BAKER III ("Plaintiff"), by Plaintiff's attorneys, brings this action against USAA FEDERAL SAVINGS BANK ("USAA") for violations of the FCRA, as set forth below.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction because this case arises out of violation of FCRA. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. § 1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

5. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendant is subject to personal jurisdiction in Clark County, Nevada; conducts business in Clark County, Nevada; the events giving rise to this action occurred in Clark County, Nevada.

## PARTIES

6. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. USAA is a corporation doing business in the State of Nevada.

8. USAA is a "user" as that term is intended under the FCRA.

9. Anyone receiving a consumer report and applying it to a consumer is a user and must comply with the FCRA whether the user obtains or uses the report directly or indirectly. *Ross v. Res-Care, Inc., 2012 WL 3096093* (W.D. Ken. July 30, 2012).

10. Unless otherwise indicated, the use of USAA's name in this Complaint includes all agents, employees, officers, members, directors, heirs,

successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of USAA.

### USAA Impermissibly Pulled Plaintiff's Credit Information

11. Plaintiff is informed and believes, and thereon alleges, that USAA acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by 15 U.S.C. 1681a(d)(1).

12. Upon review of Plaintiff's TransUnion credit report dated March 7, 2019, Plaintiff discovered that USAA submitted unauthorized credit report inquiries for account reviews to TransUnion at a time when Plaintiff and USAA had no account relationship.

13. Specifically, USAA submitted inquiries for an unspecified purpose on February 11, 2019 as follows:

> USAA FED SVG BK - SAN AN ( PO BOX 47504, SAN ANTONIO, TX 78265-7504, (800) 531-2265 )
> Requested On: 02/11/2019

14. However, 15 U.S.C. § 1681b delineates the *only* permissible uses of, or access to, consumer reports.

15. USAA had no permissible use of or access to Plaintiff's consumer reports.

16. USAA's inquiry of Plaintiff's consumer report information for the purpose of collection or account review, without Plaintiff's consent and at a time when Plaintiff and USAA had no account relationship, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

17. Plaintiff had no account or business transaction with USAA at the time USAA requested Plaintiff's credit information.

18. Because Plaintiff no account relationship with USAA, USAA had no legitimate business need for the information.

19. USAA accessed Plaintiff's credit report without consent or knowledge of Plaintiff.

20. Obtaining a report without a permissible purpose constitutes an invasion of a legally protected interest in the confidentiality of a plaintiff's sensitive personal information.  The harm may be intangible, but is it is very real and concrete.

21. The prohibition on impermissible credit "pulls" is also a substantive provision, not procedural, in that it is a direct protection for the privacy of a plaintiff's information.

22. Accessing a consumer report without a permissible purpose would be similar to several common law torts that fall under the umbrella of invasion of privacy, such as the public disclosure of private facts or intrusion upon seclusion (in this case, intrusion on financial information).

23. USAA never notified Plaintiff of the illegal and impermissible access.

24. USAA obtained Plaintiff's credit report and/or credit information under false pretenses by falsely representing that the purpose of such access was for

collection or account review notwithstanding that the account no longer existed.

25. USAA had no legitimate business need for Plaintiff's credit report. USAA and Plaintiff had no debtor-creditor relationship.

26. USAA willfully and negligently violated the Fair Credit Reporting Act through its above conduct.

27. Specifically, USAA violated 15 U.S.C. § 1681b by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

28. USAA's actions were willful under 15 U.S.C. § 1681n because USAA was aware of the FCRA's prohibitions on impermissibly pulling consumers' credit reports. *See Doe v. Sentech Employment Services, Inc.*, E.D. Mich. May 16, 2016) (*citing Singleton v. Domino's Pizza, LLC*, 2012 WL 245965, *4 (D. Md. Jan. 25, 2012) ("[A]ssertions that a defendant is aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal.").

29. Plaintiff suffered an invasion of a legally protected interest when USAA accessed his highly confidential personal information. USAA had no right to do so, an invasion of Plaintiff's right to privacy. The FCRA, through 15

U.S.C. § 1681b, protects consumers, like Plaintiff, from this precise behavior.

30. Plaintiff has a common law right to keep personal credit information private. *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890).  Congress sought to further protect that right by enacting the FCRA.  Indeed, the common law tort of intrusion upon seclusion is preempted by the FCRA, and the FCRA expressly provides that Congress made the following finding: "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality and a respect for the consumer's right to privacy." 15 U.S.C. § 1681a(4).

31. Plaintiff was affected personally because when he realized the behavior of USAA described above (pulling his credit report without any authorization), Plaintiff felt his privacy was invaded and that his personal and private information was disclosed to USAA, which had no right to Plaintiff's private information.

32. The injury suffered by Plaintiff is concrete because USAA's violation of 15 U.S.C. § 1681b caused Plaintiff to suffer an invasion of privacy.  In enacting 15 U.S.C. § 1681b, Congress specifically sought to protect consumers from

invasions of privacy and created restrictions on access to consumers' sensitive financial information in their credit reports.

33. Further, USAA increased the risk that Plaintiff will be injured if there is a data breach on USAA's computer systems by acquiring additional highly sensitive information about Plaintiff and saving that information onto its computer system.  Data breaches are increasingly common (see, e.g., Data Breaches, Kerbs, available at http://krebsonsecurity.com/category/data-breaches/), and financial institutions like USAA are frequent targets of cybercriminals (see, e.g., The Top 8 Largest Date Breaches in the Financial Services Industry, Association of Certified Financial Crime Specialists, available at http://www.acfcs.org/the-top-8-largest-data-breaches-in-the-financial-services-industry/).

34. As such, Plaintiff is entitled to the remedies available under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ*. (FCRA)

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to

each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

37. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from USAA.

38. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from USAA.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against USAA:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against USAA for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

### TRIAL BY JURY

39. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 13, 2019

Respectfully submitted,

By /s/ David H. Krieger, Esq.

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*CHARLES D. BAKER III*